# Commonwealth *v.* Juliana, Appellant.

Argued November 22, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 311, Jan. T., 1926, by defendant, from judgment of O. & T. Phila. Co., May T., 1926, No. 258, on verdict of guilty of murder of the first degree, in case of Commonwealth v. William Juliana, alias Joseph Galla, alias William J. Guiliana.   Affirmed.

Indictment for murder.   Before TAULANE, J.
The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree with death penalty, on which sentence of death was passed. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Henry Stevenson* and *C. Stuart Patterson, Jr.,* with them *Louis T. McCabe,* for appellant.

*Charles Edwin Fox,* District Attorney, with him *Charles I. Thompson,* Assistant District Attorney, for appellee.

OPINION BY MR. JUSTICE SADLER, December 20, 1926:
The defendant, Juliana, was jointly indicted with Bentley, Curry and Doris for the killing of Harry M.

Cooper on May 4, 1926.  A separate trial was awarded, and a verdict of murder of the first degree rendered, whereupon sentence of death was imposed.  The facts involved in the killing have been set forth in the opinion herewith filed in the case of Bentley, an accomplice, and need not be repeated.  An examination of the evidence shows the presence of all the essential elements of the crime charged, and justified the finding made.

It is asserted, however, that trial errors were committed in sustaining challenges for cause in certain instances, where jurors stated they had no conscientious scruples against capital punishment generally, but did have where it appeared the fatal blow was delivered by an accomplice during the course of the criminal transaction, and not by the defendant.  That the action of the court below was proper under like circumstances has been pointed out in the case of Bentley, filed herewith, and further discussion is unnecessary.  The claim of nonresponsibility for the acts of the co-conspirator, is likewise without merit.  Reference is made to the opinion in the case of Doris, jointly indicted with defendant, for a discussion of the controlling legal principles.  The assignments of error, raising only the two questions indicated, are overruled.

The judgment is affirmed, and it is directed that the record be remitted for the purpose of execution.